**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| VAN BUREN HINDS, JR. | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| VS. | * | |
| | * | NO: 3:07CV00175  SWW |
| KIMBERLY DALE | * | |
| | * | |
| Defendant | * | |
| | * | |
| | * | |

## ORDER

On November 19, 2007, Plaintiff Van Buren Hinds, Jr., filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983, unaccompanied by a filing fee or application to proceed *in forma pauperis*. In addition to that filing defect, Hinds failed to state facts sufficient to allow the Court to determine if states a claim for relief.

By order entered November 26, 2007, the Court directed Hinds to (a) pay the statutory filing fee of $350 or submit a properly completed application to proceed *in forma pauperis* and (b) submit an amended complaint setting forth additional information set forth in the court's order. The Court advised Hinds that failure to comply with the Court's order within thirty days from entry of the order would result in the dismissal of this case without prejudice. Additionally, the Court advised Hinds of his responsibility to comply with the Local Rules of the Court, including Rule 5.5(c)(2), which provides as follows:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A

party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

As of this date, Hinds has failed to file an amended complaint, filing fee, or renewed application to proceed *in forma pauperis* as ordered by the Court. Accordingly, the Court concludes that Hinds' complaint should be dismissed, without prejudice. *See Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) ("District courts have inherent power to dismiss *sua sponte* a case for failure to prosecute, and we review the exercise of this power for abuse of discretion").

IT IS THEREFORE ORDERED that, pursuant to the judgment entered together with this order, this action is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED THIS 7TH DAY OF JANUARY, 2008.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE